UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>Plaintiff,<br><br>- vs -<br><br>JOLLY PARTNERS, LLC, *et al.*,<br><br>Defendants. | CASE NO.: 6:19-cv-00476-ADA |

**FINAL DEFAULT JUDGMENT**

Upon consideration of Plaintiff, Joe Hand Promotions, Inc.'s Motion for Final Default Judgment against Defendants, (1) JOLLY PARTNERS, LLC, d/b/a CASA DE LEON, (2) LEONA SOCIAL CLUB NON PROFIT CORPORATION, d/b/a CASA DE LEON, and (3) MOLLY T. GOMEZ ("Motion"), the accompanying Supporting Brief thereof, the evidence, the pleadings on file, and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act and recognizes Plaintiff's election to seek statutory damages under 47 U.S.C. § 605.

The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants, (1) JOLLY PARTNERS, LLC, d/b/a CASA DE LEON, (2) LEONA SOCIAL CLUB NON PROFIT CORPORATION, d/b/a CASA DE LEON, and (3) MOLLY T. GOMEZ (collectively hereinafter referred to as "Defendants") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's Complaint are deemed admitted against Defendants; that Defendants exhibited the *Floyd Mayweather Jr. vs. Conor McGregor* broadcast, including all undercard bouts and the main prizefight, broadcasted on August 26, 2017, without authorization from

Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, as follows:

1. That judgment by default is hereby entered in favor of Plaintiff, JOE HAND PROMOTIONS, INC. and against Defendants, (1) JOLLY PARTNERS, LLC, d/b/a CASA DE LEON, (2) LEONA SOCIAL CLUB NON PROFIT CORPORATION, d/b/a CASA DE LEON, and (3) MOLLY T. GOMEZ; and

2. That Plaintiff hereby recovers statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00; and

3. That Plaintiff hereby recovers additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00; and

4. That Plaintiff hereby recovers reasonable attorney's fees from Defendants, jointly and severally, in the amount of $1,675.00; and

5. That Plaintiff hereby recovers reasonable attorney's fees from Defendants, jointly and severally, for post-trial and appellate services in the event of the need for post-trial and appellate services, as follows:

    a. $2,500.00 for collection of the judgment in the event that Plaintiff obtains a writ of execution, writ of garnishment, writ of attachment, or other process;

    b. $5,000.00 in the event that any Defendant files a post-judgment motion or pre-appeal motion that does not result in a reversal of the judgment; and

    c. $15,000.00 in the event that any Defendant files an appeal with the Court of Appeals for the 5th Circuit that does not result in a reversal of the judgment.

6. That Plaintiff hereby recovers costs from Defendants, jointly and severally, in the amount of $995.00; and

7.   The Court hereby awards to Plaintiff and against Defendants, jointly and severally, post-judgment interest on the amounts awarded herein at an annual rate of __2%__ from the date of this judgment until paid.

8.   All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any writ of execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this judgment.

9.   This is a final judgment.

SO ORDERED.

SIGNED this __31st__ day of __March__, 2021 in Waco, Texas.

                                  _____
                                  ALAN D. ALBRIGHT
                                  UNITED STATES DISTRICT JUDGE